The opinion of the court was delivered by.
DeBlanc, J.
At a regular term of the Sixth District Court, held in the parish of Tangipahoa, one George Carroll was indicted for and convicted of murder. In obedience to the verdict, he was sentenced to death, and — from said verdict and sentence — took an appeal now pending in this .court.
Acting under the mistaken impression that, on the hearing of a rule taken by the District Attorney upon the already condemned convict, the honorable William Duncan, the judge of the court before which Carroll was tried, had refused to correct clerical errors and omissions conclusively proven to have occurred during the trial, and which exist in the minutes of said court, the Attorney General applied for and obtained from this tribunal an order addressed to the district judge, calling on him to show cause why he should not comply with the application of the State attorney and correct said pretended errors and omissions.
In his answer, the judge admits that a rule was taken on the sentenced prisoner, and when — since the sentence — his court had twice adjourned sine die. notifying said prisoner to show cause why the minutes kept at his trial should not be corrected and altered so as to prove that he was present at his trial and conviction; but he says that— on the hearing of said rule — no testimony was offered or brought before *558 fhim, in his official capacity, either by affidavit taken ex parte, or in any other manner; and that, if any such was filed with the district attorney’s •application, he has never seen it or heard of it, and that none ever was produced before him as a judge, or otherwise.
The rule was excepted to by the prisoner’s counsel, the exception •taken up and argued, and considering — he avers — that the case of the State against Carroll had passed from and beyond his jurisdiction, and that he is now without power to alter the record of the trial, the judge— •on this and on other grounds suggested in the prisoner’s exception, dismissed the rule taken by the district attorney.
In this proceeding, the only parties are the Attorney General and the district judge — and the only documents placed before us are the former’s application and the latter’s answer. That uncontradicted •answer contains the assertion that, on the trial of the dismissed rule, no evidence was introduced to prove the existence of the pretended errors •and omissions, and — under these circumstances — the judge’s decision was legal and proper.
There is no doubt that, as soon as the jurisdiction of the appellate •court attaches, that of the lower court is superseded; but it is not so •absolutely superseded that it cannot — after due notice to and in presence of the interested parties and their counsel — correct an erroneous entry, supply an important omission, and — on legal, sufficient and incontrovertible evidence — so amend its minutes as to make them correspond with facts admitted or proven to have transpired during the course of •any trial.
Were it otherwise, after the filing of the bond and the issuance of ?the citation of appeal, the lower court would be divested of even the Indispensable and conceded authority which it has ever, exercised, of •taking every necessary step to secure the transmission to this tribunal of a correct and complete record.
The rule filed by the district attorney is referred to, but it is not before us. In substance — according to the judge’s answer, it is similar vto that filed by the Attorney General, and — in both — what is asked? Not an adjudication on any point raised and not decided during the ¡trial — not any addition to or reduction of any previous order or ruling, 'but — exclusively—that the omitted evidence of facts which transpired between the prisoner’s arraignment and the sentence pronounced against .him, and which the clerk failed to mention in the minutes, be now inter•calated where it should have been inscribed during the progress of the •.trial.
The correction now asked in behalf of the State, may — hereafter—• be asked in the name of a convicted prisoner, as a protection to a real and imperiled right, to reinstate the omitted elements of a legitimate *559 ■defence; and — in the interest of sentenced convicts, the State and justice, such corrections should be allowed; but — as already said — on legal, sufficient and incontrovertible evidence that the alleged errors and omissions have occurred.
As — in this case — no evidence was offered to sustain the district attorney’s application, the rule issued by this court on the 6th of December 1878, is discharged at the costs of relator.